UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )

v. )

SEAN PATRICK O'TOOLE, )
    also known as "chucky," )
VAHID PAZIRANDEH, )
    also known as "vman," )
LINDA WALDRON, )
    also known as "bajantara," )
PAUL YAU, )
    also known as "ann," )
SANDY FURY, )
    also known as "asylum," )
MARC BARTEL, )
    also known as "biosprint," )
TU NGUYEN, )
    also known as "dray," )
RICHARD BALTER, )
    also known as "ducky," )
DANNY LEE, )
    also known as "messy," )
PETER ANDREW HOLLAND, )
    also known as "thebinary," )
JASON DOBYNS, )
    also known as "supafly," )
DAVID LEWIS, )
    also known as "keymaster," )
MATTHEW CITTELL, )
    also known as "keymaster," )
MATTHEW PLOESSEL, )
    also known as "kkits" and "stikk," )
JOSEPH TOLAND, )
    also known as "anim8," )
FRED AMAYA, )
    also known as "audiovox," )
LANCE WARNER, )
    also known as "transform," )
GREGG PIECYHNA, )
JEREMIAH STEVENS, )
    also known as "^mort^ )

No.

**06CR0075**

JUDGE AMY ST. EVE

MAGISTRATE JUDGE SCHENKIER

Violations: Title 18,
United States Code,
Sections 371 and 2319(c)(1);
and Title 17, United States Code,
Sections 506(a)(2),
1201(a)(1)(A) and (a)(2)(A),
and 1204(a)(1)

**RECEIVED**

JAN 3 1 2006
Jan 31, 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DOCKETED**

**DOCKETED**
FEB 2 2006

## COUNT ONE

The SPECIAL FEBRUARY 2005-1 GRAND JURY charges:

1.     Beginning at a time unknown, but not later than in or about 1998, and continuing thereafter up to and including on or about June 29, 2005, in the Northern District of Illinois, Eastern Division, and elsewhere,

SEAN PATRICK O'TOOLE,
also known as "chucky,
VAHID PAZIRANDEH,
also known as "vman,"
LINDA WALDRON,
also known as "bajantara,"
PAUL YAU,
also known as "ann,"
SANDY FURY,
also known as "asylum,"
MARC BARTEL,
also known as "biosprint,"
TU NGUYEN,
also known as "dray,"
RICHARD BALTER,
also known as "ducky,"
DANNY LEE,
also known as "messy,"
PETER ANDREW HOLLAND,
also known as "thebinary,"
JASON DOBYNS,
also known as "supafly"
DAVID LEWIS,
also known as "keymaster"
MATTHEW CITTELL,
also known as "keymaster"
MATTHEW PLOESSEL,
also known as "kkits" and "stikk,"
JOSEPH TOLAND,
also known as "anim8,"

2

FRED AMAYA,
also known as "audiovox,"
LANCE WARNER,
also known as "transform,"
GREGG PIECYHNA,
JEREMIAH STEVENS,
also known as "^mort^,

defendants herein, did knowingly conspire and agree with each other and with others known

and unknown to the Grand Jury to commit offenses against the United States, that is:

    a.    Willfully infringing a copyright by reproducing and distributing at least ten infringing copies of one or more copyrighted works, with a total retail value of more than $2,500, during a 180-day period, in violation of Title 17, United States Code, Section 506(a)(2), and Title 18, United States Code, Section 2319(c)(1);

    b.    Circumventing a technological measure that protects a copyright work, by willfully, and for purposes of private financial gain, circumventing a technological measure that effectively controls access to a work protected under Title 17 of the United States Code, in violation of Title 17, United States Code, Sections 1201(a)(1)(A), and 1204(a)(1); and

    c.    Trafficking in a technology, product, service, and device, by willfully, and for purposes of private financial gain, knowing that the technology, product, service, and device was primarily designed and produced for the purpose of circumventing a technological measure that effectively controlled access to a copyrighted work, in violation of Title 17, United States Code, Sections 1201(a)(2)(A), and 1204(a)(1).

## RISCISO

2.    It was part of the conspiracy that defendants were leaders, members, and

associates of the software piracy group known as "RISCISO." "RISC" was an acronym for

Rise in Superior Couriering, while "ISO" referred to a file format commonly used for the

storage and transfer of pirated software. RISCISO was an underground organization,

founded in approximately 1993, dedicated to the illegal distribution of large volumes of copyrighted software, games, and movies over the Internet, particularly recently released items, for the use and benefit of members and affiliates of RISCISO, and of persons to whom RISCISO members and affiliates further distributed those items.

3.      It was further part of the conspiracy that in exchange for their contributions to RISCISO's unlawful objectives, members of the conspiracy received access through the Internet to computers that stored extensive libraries of illegally copied copyrighted software, games, and movies.  (Computers used to maintain these libraries were referred to as "warez sites" or "warez servers".)  RISCISO members set up computer servers that hosted warez sites used to store and distribute copyrighted software, movies, and games.  Some members of the conspiracy devoted substantial time and resources to RISCISO-related activities.

4.      It was further part of the conspiracy that through the RISCISO servers, the conspirators obtained, and made available to others associated with RISCISO, unauthorized copies of copyrighted works, including software, movies, and games; moreover, the conspirators did not own the copyrighted works uploaded and downloaded on the RISCISO servers; and did not have the license, permission, or other authority from the owners of those copyrighted works to reproduce and distribute them or to make them available for downloading from RISCISO's servers.

## The Defendants and Their Association With RISCISO

5.    The following defendants were associated with RISCISO in the following ways:

a.    Defendant SEAN PATRICK O'TOOLE (also known as "chucky), a resident of Perth, Australia, was the defacto leader of RISCISO, and set policy for the group, decided who had access to the servers, and uploaded copyrighted material onto the warez servers from remote sites he personally controlled.

b.    VAHID PAZIRANDEH (also known as "vman"), a resident of San Diego, California, was formerly employed at an university in a technical area, held a leadership role in RISCISO and served as a site operator responsible for establishing, maintaining, administering, and supporting many of the group's warez servers.  He also supplied hardware used in the warez servers.

c.    LINDA WALDRON (also known as "bajantara"), a resident of the island of Barbados and employed as a broadcaster for a Barbados broadcast company, was a long-time member of RISCISO who assisted defendant O'TOOLE in communicating with other group members, was responsible for locating new sites that could host the group's warez servers, and was instrumental in recruiting new members to RISCISO.

d.    PAUL YAU (also known as "ann"), a resident of Houston, Texas, was employed as a systems administrator for an Internet service provider, and was a site operator

for RISCISO responsible for maintaining, administering, and supporting at least one of the group's warez servers.

      e.    SANDY FURY (also known as "asylum"), a resident of West Hollywood, California, and employed in the computer security industry, was a long-time member of RISCISO.

      f.    MARC BARTEL (also known as "biosprint"), a resident of Overland Park, Kansas, and employed as an information technology manager for a law firm, was a long-time member of RISCISO, and was a site operator for RISCISO responsible for maintaining, administering, and supporting at least one of the group's warez servers.

      g.    TU NGUYEN (also known as "dray"), a resident of Chicago, Illinois, and employed as a software consultant and working on his doctorate in mathematics, was a member of RISCISO.

      h.    RICHARD BALTER (also known as "ducky"), a resident of Middle Island, New York, was a long-time member of RISCISO and received hardware from other members who provided hardware to be used to set up the group's warez servers. He also supplied hard drives for use in the warez server on at least one occasion.

      i.    DANNY LEE (also known as "messy"), a resident of Rosemead, California, and self-employed as a web developer, was a member of RISCISO.

j.      PETER ANDREW HOLLAND (also known as "thebinary"), a resident of Middleton, Ohio, and a sophomore in college, was recruited to become a member of RISCISO by defendant WALDRON.

k.      JASON DOBYNS (also known as "supafly"), a resident of Tustin, California, and employed as a systems administrator for an Internet provider, was a member of RISCISO who allowed other RISCISO members to utilize hard drive space on his employer's servers to distribute copyrighted material.

l.      DAVID LEWIS (also known as "keymaster"), a resident of Costa Mesa, California, and employed as an IT administrator at an architectural firm, had the role of "tester" for RISCISO, in which he was responsible for testing software applications to determine whether the copyright protective mechanisms had been bypassed before they were uploaded to the warez servers. He allowed defendant MATTHEW CITTELL to also access the RISCISO server using the "keymaster" user name.

m.      MATTHEW CITTELL (also known as "keymaster"), a resident of Costa Mesa, California, and employed as a technical support specialist at a marketing company, was a member of RISCISO where he utilized defendant LEWIS' alias to access the group's warez server.

n.      MATTHEW PLOESSEL (also known as "kkits" and "stikk"), a resident of Seattle, Washington, and an owner of a computer security consulting business, was a site

operator for RISCISO responsible for maintaining, administering, and supporting at least one of the group's warez servers.

o.    JOSEPH TOLAND (also known as "anim8"), a resident of Rochester Hills, Michigan, and employed as an information technology director for a telecommunications company, was a RISCISO member who supplied the group with copyrighted software for unauthorized distribution via the group warez servers.

p.    FRED AMAYA (also known as "audiovox"), a resident of Chino Hills, California, and employed as data entry technician for a county government office, was a site operator for RISCISO responsible for maintaining, administering, and supporting at least one of the group's warez servers.  He also supplied hard drives and other hardware to be used in RISCISO's warez servers.

q.    LANCE WARNER (also known as "transform"), a resident of Portola Hills, California, and employed in the information technology department for a national title company, was a long-time member of RISCISO.

r.    GREGG PIECYHNA, a resident of New York City, New York, was a long-time member of RISCISO who had high-level access to RISCISO's warez servers and their contents.

s.    JEREMIAH STEVENS (also known as "^mort^"), a resident of Jasper, Indiana, and employed by a government contractor providing computer-related services to the United States Navy, was a long-time member of RISCISO.

## RISCISO's Warez Sites: "RM1" and "RM2"

6.      It was part of the conspiracy that RISCISO members set up computer servers to store and distribute copyrighted software, movies, and games.  In approximately 1998, defendant MARC BARTEL and other RISCISO members surreptitiously set up a warez server named "RM1" at the offices of a telecommunications company in Kansas to conduct RISCISO's activities (hereafter referred to as "the Kansas RM1 server").  After a few years of use, this server was taken down.

7.      In approximately 2002, defendants SEAN PATRICK O'TOOLE, VAHID PAZIRANDEH, MATTHEW PLOESSEL, and other RISCISO members set up another warez server named "RM1" at a large commercial data center in Los Angeles, California (hereafter referred to as "the Los Angeles RM1 server").  RISCISO members obtained the hardware components necessary to operate the server and allocated space for it at the data center's computer facility.  RISCISO gained access to this data center through defendant PLOESSEL, who used the data center as the physical location for housing the computer servers associated with his web hosting business.  Defendants O'TOOLE, PAZIRANDEH, PLOESSEL, and the other RISCISO members who helped set up this warez server received accounts on the server and were allowed to download copyrighted content from it.

8.      It was further part of the conspiracy that RISCISO members set up a server in or about July 2003 that was initially named "RM2" to supplement the Los Angeles RM1 server. This server was set up and administered by defendants SEAN PATRICK O'TOOLE,

VAHID PAZIRANDEH and other RISCISO members. Defendant PAUL YAU hosted this server at an Internet Service Provider hosting facility in Houston, Texas, where he worked, set up the hard drives on this server to hold the copyrighted material, and installed the operating system on the server. Once the Los Angeles RM1 server went offline, however, the server in Houston was renamed "RM1" (hereafter referred to as "the Houston RM1 server").

9. It was further part of the conspiracy that, in or about December 2003, RISCISO members started using a new server, which was given the name "RM2", to run concurrently with the Houston RM1 server. This RM2 server was administered by defendant VAHID PAZIRANDEH, who provided some of the hardware components that were needed to operate RM2 from hardware originally used in the Los Angeles RM1 server, configured the server and the hard drive file system, and installed the software necessary to operate and protect the server from detection, including the operating system, the software firewall, and encryption programs. Unbeknownst to the members of the conspiracy, however, the computer hosting the RM2 server was maintained by a cooperating witness ("CW") who was assisting the government in its investigation of RISCISO. This CW had been given physical and root access to the RM2 server by defendant SEAN PATRICK O'TOOLE. At various times during its period of operation, defendant VAHID PAZIRANDEH also played a role in the operation of the RM2 server. In or about the end of 2004, the Houston RM1 server started experiencing technical difficulties and finally went offline in or about April 2005.

10

As a result, the RM2 server became RISCISO's main server for storing and distributing copyrighted software, movies, and games.

10.     It was further part of the conspiracy that members of RISCISO obtained computer hardware for use by RISCISO in conjunction with the operation of their warez servers.  On or about September 25, 2003, defendant VAHID PAZIRANDEH sent a computer server and seventeen computer hard drives via Federal Express to the CW, which were represented to the CW as the components from RISCISO's Los Angeles RM1 server.  These components were used to build the RM2 server.  On or about March 17, 2004, and June 9, 2004, defendant FRED AMAYA sent via United Parcel Service to the CW for use in the RM2 server, respectively, three SATA hard disk drives and a SATA Raid Controller card.

## Security Measures

11.     It was further part of the conspiracy that the defendants and other members of RISCISO employed sophisticated security measures to conceal their activities, communications, and identities from law enforcement, and to ensure that only persons authorized by the leaders of RISCISO could gain access to the millions of dollars worth of software, movies, and games stored on RISCISO's servers.  Security measures employed by members of the conspiracy included the following, among others:

a.     Carefully screening persons to be given membership in RISCISO and access to its warez sites, for the purpose of ensuring that those admitted were committed to

11

software piracy, would benefit the organization, and were not affiliated with law enforcement;

b. Limiting access to RISCISO's warez sites to authorized users entering the site through known Internet Protocol ("IP") addresses with pre-established IDs and passwords;

c. Using "port bouncers" to disguise the true IP addresses of the computers on which they communicated and on which their warez sites were located;

d. Using "drop sites" for the receipt of new software, movies, and games by members of the RISCISO group. Drop sites were computers, ordinarily located outside the United States and not easily associated with individual RISCISO members, where new items were uploaded so that members of the group could strip them of their copyright protection controls (including technological measures designed to protect the copyrighted works), and other security and identification controls (including serial numbers, tags, duplication controls, and security locks) before the pirated materials were made available for downloading on RISCISO's servers;

e. Using private, invitation-only, password-protected Internet Relay Chat ("IRC") channels to communicate regarding the affairs of the conspiracy, and conducting those communications using screen names, rather than true names;

f. Using encryption to protect stored files; and

g.    Using encryption to disguise what files were being requested for downloading by members in the IRC channel.

## **Communication Channels**

12.    It was further part of the conspiracy that the RISCISO leadership, RISCISO members, and users of RISCISO-affiliated warez sites communicated with each other on private Internet Relay Chat ("IRC") channels, such as #risciso, #dvdiso, and others. Defendants also made encrypted queries of the RISCISO server for particular files in the IRC channel at the same time they participated in conversations. Defendants also communicated with one another via direct IRC communication.  In their various IRC channels and communications, defendants and other conspirators discussed, in real time, the activities of RISCISO, the invitation of new members to the group, the introduction of new users and software piracy groups to RISCISO-affiliated warez sites, and affiliation by RISCISO with other warez sites.  IRC channels were also used by the leaders of RISCISO to encourage and organize its members in distributing copyrighted software and finding additional resources to do so.  RISCISO members held group meetings in the IRC channel #risciso to discuss these matters.  Defendant SEAN PATRICK O'TOOLE typically led these meetings and set the agenda for them.

## Copyrighted Movies, Games and Software

13.     It was further part of the conspiracy that defendants created a directory of the software, movies, and games available on RM2 that could be viewed by each user who logged on to RM2.  During its period of operation, thousands of copyrighted computer software programs, games, and movies were made available for downloading on the RM2 server, in violation of those copyrights.  The types of copyrighted software made available on the site included, among others: operating systems; utilities; applications such as word processing programs, data analysis programs, spreadsheets, communications programs, graphics, and desktop publishing programs; and games that could be played on computers and on stand-alone video gaming consoles such as Xbox or the Sony Playstation2.

14.     It was further part of the conspiracy that during the time that RM2 was in operation, RISCISO members who were allowed access to RM2 by defendants SEAN PATRICK O'TOOLE and VAHID PAZIRANDEH and others, uploaded and downloaded approximately 19 terabytes of software, games, movies, and other files to and from the RM2 server.  During the 180-day period ending on or about April 24, 2005, the copyrighted content uploaded to or downloaded on the RM2 server included, among others: software such as Ulead Picture Show 3 Deluxe, Microsoft Windows XP Media Center Edition 2005, Microsoft Streets and Trips 2005, Cakewalk Sonar4 Producer, Ahead Nero Burning Rom Version 6.6 Ultra Edition, Autodesk Mechanical Desktop Version 2006, Windows XP Pro 64-bit, Intel Fortran Compiler Version 8.1, Husqvarna Viking 3D Embroidery System,

14

Hewlett-Packard Openview Network Node Manager Version 7.5, Roxio Easy Media Creator Version 7.5 and Windows Server 2003 Enterprise VL Edition; movies such as Sideways, The Pacifier, The Aviator, Closer, The Incredibles, Meet the Fockers, Hostage, Vanity Fair, Oceans 12, Spanglish, Shark Tale, Alexander, The Phantom of the Opera, Sin City, Flight of Phoenix, Collateral, and Robots; and games such as Tiger Woods PGA Tour 2005, Half Life 2, Tony Hawk's Underground 2, Tribes Vengeance, Super Streetfighter II, NASCAR Simracing, and WW II Sniper. The total retail value of the software, movies, and games available for downloading on the RM2 server during its period of operation exceeded $6.5 million.

### Trafficking in Tools for Circumventing Copyright Protection

15.     It was further part of the conspiracy that at times RISCISO members trafficked in tools which were primarily designed and produced for the purpose of circumventing the access control and copy prevention systems embedded on digital copies of copyrighted works. Manufacturers of copyrighted software, movies, and games at times use various measures to protect against unauthorized use and copying of their products. At times software manufacturers make available evaluation or "trial" versions of software applications that are programmed to expire after a certain time, or that have been programmed to make unavailable certain functions in the software; in addition, at times software manufacturers use mechanisms to block unauthorized copying of the software. RISCISO members at times identified, obtained, and tested tools to defeat these protective measures. These tools

included "keygens" (small software applications that generated licensing keys when executed), "serials" (licensing or product keys that could enable a software's functions), and "cracks" (small applications that disabled the copyright protection of software). The keygens, serials, and cracks that were found to successfully circumvent the manufacturer's protective measures by enabling trial versions to function beyond the expiration of the "trial" period, or allowing users full access to software for which no licensing fee had been paid, at times were placed into a directory on the RM2 server and at times were posted in RISCISO's IRC channel for distribution to members. The RISCISO IRC channels were used by members to place requests for specific serials that would allow requesting members to bypass the copyright protection of certain software without paying a licensing fee.

16.     It was further part of the conspiracy that the tools placed on the RISCISO warez sites and used by RISCISO members to circumvent measures designed to limit access to certain software applications included, but were not limited to, keygens for the following software applications: (a) FaceMorpher v. 1.5; (b) ScriptFTP v. 1.4; (c) Backup to DVD CD v.5.1.138; (d) First.Alert Service Monitor.v9.76.01; (e) NoClone.Enterprise.Edition.v3.1.204; (f) WorldTV.v7.1; and (g) ISOBuster.Pro.v1.8.0.4.

## OVERT ACTS

17.     In furtherance of the conspiracy and to accomplish its unlawful objectives, the defendants committed and caused to be committed the following overt acts, in the Northern District of Illinois and elsewhere:

16

## Downloading of Files

a.     On or about the following dates, the following defendants logged in under their RISCISO alias or RISCISO-authorized IP address to access RM2 to download the following copyrighted works:

| Defendant Name | Alias/IP | Download Date and File |
|---|---|---|
| O'TOOLE | chucky | April 11, 2005, Autodesk Inventor Series v. 10 |
| WALDRON | bajantara | March 23, 2005, Curious Software Worldmaps v. 5.5 |
| PAZIRANDEH | vman | October 17, 2004, "Wicker Park" |
| YAU | ann | March 18, 2005, Autodesk AutoCAD v. 2006 |
| FURY | asylum | April 16, 2005, Intel Fortran Compiler v. 8.1 |
| BARTEL | biosprint | April 9, 2005, Transmagic v. 2005 SP4 |
| NGUYEN | dray | February 11, 2005, PTC Pro Engineer Wildfire v. 2.0 |
| BALTER | ducky | March 12, 2005, DVD Authoring With Sony DVD Architect 2.0 |
| LEE | messy | March 20, 2005, Avid Xpress Pro HD v. 5 0 4 |
| HOLLAND | thebinary | April 8, 2005, Windows Server 2003 32Bit Enterprise |
| DOBYNS | supafly | January 8, 2005, Half-Life |
| LEWIS | keymaster | April 11, 2005, Autodesk Map 3D v. 2006 |
| CITTELL | keymaster | March 25, 2005, Autodesk AutoCAD Electrical v. 2006 |
| PLOESSEL | kkits | February 8, 2005, Shade v. 7.2.1 Professional |
| WARNER | transform | October 18, 2004, CheckPoint VPN-1 SecuRemote/Secure Client |
| PIECYHNA | 66.108.182.37 | April 3, 2005, MS Visual Studio .NET 2003 Enterprise Architect |

17

## IRC Conversations

b.      On or about January 13, 2004, defendant JEREMIAH STEVENS participated in a conversation in the IRC channel #risciso in which he requested a "serial" so he could access "Neverwinter Nights" (a computer game).  Fellow RISCISO member "mReD" subsequently provided STEVENS with the serial number for this software program, as well as two other software programs.

c.      On or about June 29, 2004, defendant DANNY LEE participated in a conversation in the IRC channel #risciso in which he requested that other members provide him with a software program entitled Final Draft V. 7.0, a script writing software application for theater, movies and television.

d.      On or about July 25, 2004, defendant FRED AMAYA participated in a conversation in the IRC channel #risciso in which he requested that a copy of the movie "The Bourne Conspiracy" be uploaded to the RM2 server.

e.      On or about July 24, 2004, defendant MARC BARTEL participated in a conversation in the IRC channel #risciso in which he informed the group that he was being "locked out" of two of the subdirectories of the RM2 server, "SVCD" and "SVCD2", that contained copyrighted content, and sought assistance to regain access.

f.      On or about August 24, 2004, defendant SANDY FURY and RISCISO's leader, defendant SEAN PATRICK O'TOOLE, discussed the warez group's security policies in the IRC channel #risciso, including how to structure a more secure

password system and ensure that persons invited into RISCISO did not steal warez content to start up their own warez sites.

g.    On or about September 6, 2004, defendant TU NGUYEN participated in a conversation in a RISCISO IRC channel during the course of which he made an encrypted query of the RISCISO server for any items with the word "canopus" (the name of a software manufacturer) in their titles.

h.    On or about December 8, 2004, defendants SEAN PATRICK O'TOOLE, JEREMIAH STEVENS, SANDY FURY, and other RISCISO members, held a group meeting in the IRC channel #risciso in which they discussed how to recruit additional members to the group, specifically those with the ability to "crack software" (that is, circumvent software copyright protection) or supply software to the server, and the adequacy of existing security measures used to disguise the identities of those accessing the warez server.  Defendant STEVENS advocated that RISCISO not use a directory list to document members' roles so as to prevent law enforcement from learning .what functions members performed in the group.  Defendant STEVENS also warned RISCISO members not to include lines inside a cracked program identifying the person who had actually supplied it, in order to avoid disclosing the suppliers' identities to law enforcement.

i.    On or about January 5, 2005, defendant JOSEPH TOLAND participated in a conversation in the IRC channel #risciso with fellow RISCISO members and asked why there were no new applications being uploaded to the RM2 server.

j.    On or about January 5, 2005, during a conversation in the IRC channel #risciso, defendant MATTHEW PLOESSEL volunteered to host a server for RISCISO.

k.    On or about January 10, 2005, defendant PETER ANDREW HOLLAND participated in a conversation in the IRC channel #risciso with fellow RISICSO members and asked if anyone else was getting errors when they went into certain directories on RM2 like "tv" or "apps."

l.    On or about January 11, 2005, defendant DAVID LEWIS asked the RISCISO members in the IRC channel #risciso for computer software capable of erasing data from hard drives.

m.    On or about January 11, 2005, defendant VAHID PAZIRANDEH instructed the CW on how best to configure some additional SATA hard drives with the RM2 server and also confirmed that he had spoken with RISCISO's leader, defendant SEAN PATRICK O'TOOLE, regarding this matter.

n.    On or about January 15, 2005, defendant LINDA WALDRON participated in a conversation in the IRC channel #risciso with fellow RISCISO members and asked if the group could spare room on the server for a request directory, which could be used to make requests to the group's membership for uploading copyrighted materials to the server.

o.    On or about January 15, 2005, defendant VAHID PAZIRANDEH and defendant RICHARD BALTER, and other members of RISCISO, discussed in the IRC

20

channel #risciso some technical problems they were experiencing with the RM1 and RM2 warez servers.

        p.    On or about January 19, 2005, defendant RICHARD BALTER made an encrypted query in the IRC channel #risciso for the availability of various copyrighted movies and games on the RM2 server, including the movies "Punisher" and "Airborne."

        q.    On or about January 26, 2005, defendant SANDY FURY made an encrypted query of the RM2 main server for the copyrighted program "WinZip" to which the server responded affirmatively indicating it had copy of the program and the accompanying software key, also known as a "serial."

        r.    On or about January 27, 2005, defendant MATTHEW PLOESSEL had a conversation in the IRC channel #risciso, with defendant PAUL YAU, and RISCISO members "qm" and "Max" about how to archive copyrighted materials and to set up new warez servers for the group.

        s.    On or about January 28, 2005, defendant DAVID LEWIS asked defendant RICHARD BALTER in the IRC channel #risciso about which of RISCISO's two main warez servers was running and accessible. Defendant BALTER responded that the RM2 server was operational.

        t.    On or about January 29, 2005, defendant JASON DOBYNS participated in a conversation in the IRC channel #risciso with fellow RISCISO members and stated that he thought that the "crack" (software circumvention tool) on the program " Playboy: The

Mansion" was "bad" and asked if anyone else in the group had tried the crack for the program.

      u.     On or about January 30, 2005, defendant RICHARD BALTER participated in a conversation in the IRC channel #risciso with another RISCISO member, "owtmirg" (aka "grimtwo"), in which they discussed the availability of a screener copy (a copy of movie that is not yet available on DVD) of the movie "Sideways" on one of the RISCISO servers.

      v.     On or about January 30, 2005, defendant TU NGUYEN participated in a conversation in the IRC channel #risciso during which he made an encrypted query of the the RM2 server for any items with the word "unlock" in their titles.

      w.     On or about May 27, 2005, defendant SANDY FURY and fellow RISCISO member "Raven" discussed in the IRC channel #risciso the status of two of RISCISO's warez servers known to the group as RM1 and RM2.

      x.     On or about May 31, 2005, defendant DAVID LEWIS participated in a conversation in the IRC channel #risciso with fellow RISCISO members, defendant SEAN PATRICK O'TOOLE and "b" (aka "ben"), during which the three discussed how the RISCISO server should be organized and where recently "cracked" (circumvented) software should be stored on the server.

      y.     On or about May 31, 2005, defendant MARC BARTEL participated in a conversation in the IRC channel #risciso with fellow RISCISO members during which he

tried to find out who had the authority to give him direct access to the RM2 server. Defendant BARTEL then offered to contribute hard drives to the RM2 server.

z.    On or about June 5, 2005, defendants SEAN PATRICK O'TOOLE, LINDA WALDRON, and other RISCISO members, held a group meeting in the IRC channel #risciso in which they discussed how to increase the number of copyrighted versions of newly released software made available on RISCISO's warez server. Defendant SEAN PATRICK O'TOOLE suggested that members should test evaluation or trial copies of "big money" software programs and figure out how to circumvent their copyright protection to turn them into full-functioning copies that did not expire after the trial period had concluded. These fully-functioning versions could then be made available on RISCISO's warez server.

## Equipping the RM2 Server

aa.    On or about September 25, 2003, defendant VAHID PAZIRANDEH caused to be delivered by Federal Express two packages addressed to Garden City, New York, to the attention of Individual A, containing a computer server and seventeen hard drives. This hardware was intended to be delivered to the CW so he/she could build the RM2 server.

bb.    On or about March 17, 2004, defendant FRED AMAYA caused to be delivered by the United Parcel Service a package addressed to Garden City, New York, to the attention of Individual A, containing three hard drives. This hardware was intended to be delivered to the CW so that he could expand the storage capability of the RM2 server.

cc.    On or about June 29, 2004, defendant FRED AMAYA caused to be delivered by the United Parcel Service a package addressed to Garden City, New York, to the attention of Individual A, containing a SATA RAID Controller card. This hardware was intended to be to be delivered to the CW so that he/she could expand the storage capability and increase the efficiency of the RM2 server.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

On or about the dates set forth below, in the Northern District of Illinois, Eastern

Division, and elsewhere,

SEAN PATRICK O'TOOLE,
also known as "chucky,

defendant herein, did willfully infringe the copyrights of copyrighted works, that is, movies,

games, and software, by the reproduction and distribution by electronic means, including via

the Internet, during a 180-day period, of ten or more copies of one or more of the copyrighted

works, which had a retail value of $2,500 or more, including as set forth below:

|      | Date              | Title of Copyrighted Work           |
|------|-------------------|-------------------------------------|
| (1)  | February 14, 2005 | "The Phantom of the Opera"          |
| (2)  | February 24, 2005 | "Bridget Jones the Edge of Reason"  |
| (3)  | January 27, 2005  | "American Chopper"                  |
| (4)  | March 27, 2005    | "Hostage"                           |
| (5)  | April 19, 2005    | "The Pacifier"                      |
| (6)  | January 27, 2005  | "Street Racing Syndicate"           |
| (7)  | January 29, 2005  | "Oceans 12"                         |
| (8)  | January 31, 2005  | "Ray"                               |
| (9)  | January 19, 2005  | "Sharktale"                         |
| (10) | January 26, 2005  | "Alexander"                         |
| (11) | January 26, 2005  | "Vera Drake"                        |
| (12) | January 30, 2005  | "Flight of the Phoenix"             |
| (13) | February 21, 2005 | "The Machinist"                     |

| (14) | January 8, 2005 | "Exorcist: The Beginning" |
|------|-----------------|---------------------------|
| (15) | April 21, 2005 | "Empire Earth 2" |
| (16) | January 31, 2005 | "Half Life 2" |
| (17) | January 26, 2005 | "Sideways" |
| (18) | April 27, 2005 | Photoshop CS2 |
| (19) | April 11, 2005 | Autodesk AutoCAD v. 2006 |
| (20) | March 26, 2005 | "Meet the Fockers" |

All in violation of Title 17, United States Code, Section 506(a)(2), and Title 18, United States Code, Sections 2319(c)(1) and 2.

## COUNT THREE

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

LINDA WALDRON,
also known as "bajantara,"

defendant herein, did willfully infringe the copyrights of copyrighted works, that is, movies and software, by the reproduction and distribution by electronic means, including via the Internet, during a 180-day period, of ten or more copies of one or more of the copyrighted works, which had a retail value of $2,500 or more, including as set forth below:

|      | Date             | Title of Copyrighted Work             |
|------|------------------|---------------------------------------|
| (1)  | March 23, 2005   | Curious Software Worldmaps Version 5.5 |
| (2)  | April 2, 2005    | Autodesk Architectural Desktop v 2006  |
| (3)  | February 8, 2005 | "Ray"                                 |
| (4)  | March 7, 2005    | Symantec Livestate Recovery Desktop v3 |
| (5)  | March 7, 2005    | Corel Designer Technical Suite v12     |
| (6)  | March 19, 2005   | "The Pacifier"                        |
| (7)  | March 9, 2005    | Roxio Toast with Jam v 6               |
| (8)  | February 7 , 2005 | "Coach Carter"                       |
| (9)  | March 6, 2005    | Avery Design Pro Version 5             |
| (10) | March 07, 2005   | Lead Tools Vector Imaging Pro          |

All in violation of Title 17, United States Code, Section 506(a)(2), and Title 18, United States Code, Sections 2319(c)(1) and 2.

27

## COUNT FOUR

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

PAUL YAU,
also known as "ann,"

defendant herein, did willfully infringe the copyrights of copyrighted works, that is, movies and software, by the reproduction and distribution by electronic means, including via the Internet, during a 180-day period, of ten or more copies of one or more of the copyrighted works, which had a retail value of $2,500 or more, including as set forth below:

|     | Date | Title Of Copyrighted Work |
| --- | --- | --- |
| (1) | March 18, 2005 | Autodesk AutoCAD v. 2006 |
| (2) | April 13, 2005 | Microsoft Windows Server 2003 Enterprise Edition |
| (3) | March 25, 2005 | Corbis Online Interior 1 |
| (4) | April 2, 2005 | Windows 2003 Datacenter Corporate |
| (5) | March 25, 2005 | National Geographic Stories of Cubs DVDR |
| (6) | March 25, 2005 | 3D Fluff Volume 2 DVDr |
| (7) | March 19, 2005 | Audiowhiz Training for CISSP |
| (8) | April 12, 2005 | Chaos Systems Topocad v. 7.05 Multilingual |
| (9) | April 10, 2005 | Schlumberger Petrel v. 2004 |
| (10) | March 18, 2005 | Sony Sound Forge v. 8.0 |
| (11) | April 13, 2005 | IBM Lotus Domino Server V, 6.54 Linux |

All in violation of Title 17, United States Code, Section 506(a)(2), and Title 18, United States Code, Sections 2319(c)(1) and 2.

## COUNT FIVE

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

SANDY FURY,
also known as "asylum,"

defendant herein, did willfully infringe the copyrights of copyrighted works, that is, movies and software, by the reproduction and distribution by electronic means, including via the Internet, during a 180-day period, of ten or more copies of one or more of the copyrighted works, which had a retail value of $2,500 or more, including as set forth below:

|      | Date           | Title of Copyrighted Work                      |
|------|----------------|------------------------------------------------|
| (1)  | April 18, 2005 | Audiowhiz Training for CISSP                    |
| (2)  | April 17, 2005 | AutoDesk Mechanical Desktop v. 2006            |
| (3)  | April 17, 2005 | CSI Safe v. 8.04                               |
| (4)  | April 17, 2005 | Intel Fortran Compiler v.8.1                   |
| (5)  | April 16, 2005 | National Geographic Stories of Cubs DVDR       |
| (6)  | April 16, 2005 | Crystal Reports Professional Edition v.11      |
| (7)  | April 17, 2005 | Intel C Plus plus Compiler v.8.1               |
| (8)  | March 24, 2005 | "The Pacifier"                                 |
| (9)  | March 24, 2005 | "Robots"                                        |
| (10) | April 17, 2005 | Avid Xpress Pro HD v. 5.12                      |

All in violation of Title 17, United States Code, Section 506(a)(2), and Title 18, United States Code, Sections 2319(c)(1) and 2.

## COUNT SIX

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MARC BARTEL,
also known as "biosprint,"

defendant herein, did willfully infringe the copyrights of copyrighted works, that is, movies and software, by the reproduction and distribution by electronic means, including via the Internet, during a 180-day period, of ten or more copies of one or more of the copyrighted works, which had a retail value of $2,500 or more, including as set forth below:

|      | Date           | Title of Copyrighted Work               |
|------|----------------|-----------------------------------------|
| (1)  | April 8, 2005  | AutoDesk Map 3D v. 2006                  |
| (2)  | April 10, 2005 | Ulead DVD Moviefactory v. 4.0           |
| (3)  | April 9, 2005  | Corbis Online Interior 1                |
| (4)  | April 9, 2005  | Panda Platinum Internet Security 2005   |
| (5)  | April 10, 2005 | National Geographic Stories of Cubs DVDR|
| (6)  | April 10, 2005 | Xoom Movie Clone Gold v. 3.5            |
| (7)  | April 9, 2005  | MSC Superform 2005                       |
| (8)  | April 10, 2005 | Rockwell Automation Drive Executive v. 2.02 |
| (9)  | April 9, 2005  | Transmagic v. 2005                       |
| (10) | April 9, 2005  | Avid Xpress Pro HD v. 5.12              |
| (11) | April 9, 2005  | Changes Beauty Studio                    |

All in violation of Title 17, United States Code, Section 506(a)(2), and Title 18, United States Code, Sections 2319(c)(1) and 2.

30

## COUNT SEVEN

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

TU NGUYEN,
also known as "dray,"

defendant herein, did willfully infringe the copyrights of copyrighted works, that is, movies and software, by the reproduction and distribution by electronic means, including via the Internet, during a 180-day period, of ten or more copies of one or more of the copyrighted works, which had a retail value of $2,500 or more, including as set forth below:

|      | Date              | Title of Copyrighted Work      |
|------|-------------------|--------------------------------|
| (1)  | December 31, 2004 | "Paparazzi"                    |
| (2)  | January 20, 2005  | "In Good Company"              |
| (3)  | January 30, 2005  | "Sideways"                     |
| (4)  | January 11, 2005  | "Shall We Dance"               |
| (5)  | January 12, 2005  | "Million Dollar Baby"          |
| (6)  | February 12, 2005 | Canopus Let's Edit 2           |
| (7)  | March 12, 2005    | PTC Pro Engineer Wildfire v. 2.0 |
| (8)  | December 31, 2004 | "Cellular"                     |
| (9)  | December 31, 2004 | "Friday Night Lights"          |
| (10) | February 27, 2005 | "After the Sunset"             |

All in violation of Title 17, United States Code, Section 506(a)(2), and Title 18, United States Code, Sections 2319(c)(1) and 2.

## COUNT EIGHT

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

RICHARD BALTER,
also known as "ducky,"

defendant herein, did willfully infringe the copyrights of copyrighted works, that is, movies, games, and software, by the reproduction and distribution by electronic means, including via the Internet, during a 180-day period, of ten or more copies of one or more of the copyrighted works, which had a retail value of $2,500 or more, including as set forth below:

| | Date | Title of Copyrighted Work |
|---|---|---|
| (1) | March 12, 2005 | DVD Authoring with Sony DVD Architect 2.0 |
| (2) | April 9, 2005 | Roxio Easy Media Creator v. 7.5 |
| (3) | January 19, 2005 | "Ostrich Runner" |
| (4) | January 20, 2005 | "The Punisher" |
| (5) | January 31, 2005 | Adobe Acrobat Professional v. 7 |
| (6) | February 1, 2005 | "The Playboy Mansion" |
| (7) | February 22, 2005 | "NASCAR Simracing" |
| (8) | April 11, 2005 | "Saw" |
| (9) | March 12, 2005 | DVD Authoring with Sony DVD Architect 2.0 |
| (10) | March 10, 2005 | Sonic Record Now Deluxe v. 7.3 |
| (11) | March 9, 2005 | Magix Photostory on CD and DVD 2005 |

All in violation of Title 17, United States Code, Section 506(a)(2), and Title 18, United States Code, Sections 2319(c)(1) and 2.

32

## COUNT NINE

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

On or about the dates set forth below, in the Northern District of Illinois, Eastern

Division, and elsewhere,

### DANNY LEE,
also known as "messy,"

defendant herein, did willfully infringe the copyrights of copyrighted works, that is, movies

and software, by the reproduction and distribution by electronic means, including via the

Internet, during a 180-day period, of ten or more copies of one or more of the copyrighted

works, which had a retail value of $2,500 or more, including as set forth below:

|      | Date              | Title of Copyrighted Work     |
|------|-------------------|-------------------------------|
| (1)  | February 26, 2005 | "Spanglish"                   |
| (2)  | February 25, 2005 | "Ray"                         |
| (3)  | February 25, 2005 | "The Incredibles"             |
| (4)  | February 25, 2005 | "The Notebook"                |
| (5)  | February 26, 2005 | "The Aviator"                 |
| (6)  | April 18, 2005    | Symantec Anti-Virus CE v. 10  |
| (7)  | March 20, 2005    | Avid Xpress Pro HD v. 5.04    |
| (8)  | March 20, 2005    | Scansoft Paperport v. 10      |
| (9)  | March 25, 2005    | Ulead DVD Moviefactory v. 4.0 |
| (10) | February 27, 2005 | "Closer"                      |
| (11) | February 26, 2005 | "Dead Mans Shoes"             |

All in violation of Title 17, United States Code, Section 506(a)(2), and Title 18,

United States Code, Sections 2319(c)(1) and 2.

33

## **COUNT TEN**

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

**PETER ANDREW HOLLAND,**
also known as "thebinary,"

defendant herein, did willfully infringe the copyrights of copyrighted works, that is, software, by the reproduction and distribution by electronic means, including via the Internet, during a 180-day period, of ten or more copies of one or more of the copyrighted works, which had a retail value of $2,500 or more, including as set forth below:

|      | Date              | Title of Copyrighted Work            |
|------|-------------------|--------------------------------------|
| (1)  | December 31, 2004 | Quark Xpress 6.0                     |
| (2)  | January 30, 2005  | iLife 2005                          |
| (3)  | April 8, 2005     | Windows Server 2003 32Bit Enterprise |
| (4)  | December 31, 2004 | Mac OS X v. 10.4 Tiger              |
| (5)  | December 31, 2004 | Micromat TechTool Pro 4             |
| (6)  | January 26, 2005  | iWork                              |
| (7)  | February 26, 2005 | Adobe Acrobat Professional 7.0      |
| (8)  | February 8, 2005  | Kaplan Higher Score For GMAT 2005   |
| (9)  | February 12, 2005 | VMWare Workstation v. 4.5.2         |
| (10) | February 26, 2005 | Adobe Acrobat 7 Professional Internal |

All in violation of Title 17, United States Code, Section 506(a)(2), and Title 18, United States Code, Sections 2319(c)(1) and 2.

34

## COUNT ELEVEN

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

**JASON DOBYNS,**
also known as "supafly"

defendant herein, did willfully infringe the copyrights of copyrighted works, that is, movies, games, and software, by the reproduction and distribution by electronic means, including via the Internet, during a 180-day period, of ten or more copies of one or more of the copyrighted works, which had a retail value of $2,500 or more,  including as set forth below:

|      | Date              | Title of Copyrighted Work                 |
| ---- | ----------------- | ----------------------------------------- |
| (1)  | April 26, 2005    | Photoshop CS2                             |
| (2)  | April 17, 2005    | Windows XP Professional 64bit             |
| (3)  | April 21, 2005    | Symantec Anti-Virus CE v. 10              |
| (4)  | December 29, 2004 | "Lord of the Rings Battle for Middle Earth" |
| (5)  | January 8, 2005   | "Half-Life"                               |
| (6)  | January 8, 2005   | "National Treasure"                       |
| (7)  | March 21, 2005    | AutoDesk AutoCAD Mechanical v. 2006       |
| (8)  | April 15, 2005    | Crystal Reports Professional Edition v. 11 |
| (9)  | March 21, 2005    | Avid Xpress Pro HD v. 5.04                |
| (10) | March 21, 2005    | Scansoft Paperport v. 10                  |

All in violation of Title 17, United States Code, Section 506(a)(2), and Title 18, United States Code, Sections 2319(c)(1) and 2.

## COUNT TWELVE

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID LEWIS (also known as "keymaster"),
MATTHEW CITTELL (also known as "keymaster"),

defendants herein, did willfully infringe the copyrights of copyrighted works, that is, games and software, by the reproduction and distribution by electronic means, including via the Internet, during a 180-day period, of ten or more copies of one or more of the copyrighted works, which had a retail value of $2,500 or more, including as set forth below:

|      | Date             | Title of Copyrighted Work             |
|------|------------------|---------------------------------------|
| (1)  | April 11, 2005   | Autodesk Map 3D v. 2006               |
| (2)  | April 11, 2005   | Roxio Easy Media Creator v. 7.5       |
| (3)  | April 12, 2005   | Transmagic v. 2005 SP4                |
| (4)  | October 12, 2004 | Microsoft Streets and Trips.2005      |
| (5)  | October 16, 2004 | Ahead Nero Burning Rom v. 6.6 Ultra Edition |
| (6)  | October 17, 2004 | "Tribes Vengeance"                    |
| (7)  | October 17, 2004 | "Tiger Woods PGA Tour 2005"           |
| (8)  | October 17, 2004 | "Tony Hawk's Underground 2"           |
| (9)  | October 17, 2004 | "WWII Sniper"                         |
| (10) | March 25, 2005   | Autodesk AutoCAD v. 2006              |

All in violation of Title 17, United States Code, Section 506(a)(2), and Title 18, United States Code, Sections 2319(c)(1) and 2.

## COUNT THIRTEEN

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

MATTHEW PLOESSEL,
also known as "kkits" and "stikk"

defendant herein, did willfully infringe the copyrights of copyrighted works, that is, movies and software, by the reproduction and distribution by electronic means, including via the Internet, during a 180-day period, of ten or more copies of one or more of the copyrighted works, which had a retail value of $2,500 or more, including as set forth below:

|      | Date             | Title of Copyrighted Work          |
|------|------------------|------------------------------------|
| (1)  | April 3, 2005    | "Sideways"                         |
| (2)  | April 25, 2005   | VMware P2V Assistant               |
| (3)  | March 27, 2005   | "Elektra"                          |
| (4)  | February 8, 2005 | Shade v7.2.1 Professional          |
| (5)  | January 11, 2005 | "The Incredibles"                  |
| (6)  | January 11, 2005 | "The Forgotten"                    |
| (7)  | January 11, 2005 | "The Cookout"                      |
| (8)  | April 26, 2005   | Mac OS v 10.4 Tiger                |
| (9)  | January 22, 2005 | "Chemical Brothers - Out of Control" |
| (10) | January 11, 2005 | "Harold and Kumar"                 |

All in violation of Title 17, United States Code, Section 506(a)(2), and Title 18, United States Code, Sections 2319(c)(1) and 2.

37

## COUNT FOURTEEN

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

LANCE WARNER,
also known as "transform,"

defendant herein, did willfully infringe the copyrights of copyrighted works, that is, movies and software, by the reproduction and distribution by electronic means, including via the Internet, during a 180-day period, of ten or more copies of one or more of the copyrighted works, which had a retail value of $2,500 or more, including as set forth below:

|  | Date | Title of Copyrighted Work |
|---|---|---|
| (1) | October 18, 2004 | CheckPoint VPN-1 SecuRemote/Secure Client |
| (2) | October 18, 2004 | Partition Commander |
| (3) | October 22, 2004 | McAfee Internet Security Suite |
| (4) | February 21, 2005 | iLife 2005 |
| (5) | October 17, 2004 | "Manchurian Candidate" |
| (6) | October 23, 2004 | "Envy" |
| (7) | October 24, 2004 | "Collateral" |
| (8) | October 16, 2004 | "Farenhype 911" |
| (9) | October 24, 2004 | "Fable" |

All in violation of Title 17, United States Code, Section 506(a)(2), and Title 18, United States Code, Sections 2319(c)(1) and 2.

## COUNT FIFTEEN

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

GREGG PIECYHNA,

defendant herein, did willfully infringe the copyrights of copyrighted works, that is, movies and software, by the reproduction and distribution by electronic means, including via the Internet, during a 180-day period, of ten or more copies of one or more of the copyrighted works, which had a retail value of $2,500 or more, including as set forth below:

|      | Date           | Title of Copyrighted Work              |
|------|----------------|----------------------------------------|
| (1)  | March 26, 2005 | Autodesk Architectural Desktop v. 2006 |
| (2)  | March 19, 2005 | Sony Sound Forge v. 8.0                 |
| (3)  | March 12, 2005 | "Finding Neverland"                    |
| (4)  | March 26, 2005 | Curious Labs Poser v. 6.0              |
| (5)  | March 26, 2005 | Ulead DVD Moviefactory v. 4.0         |
| (6)  | April 17, 2005 | Windows XP Professional 64bit          |
| (7)  | March 19, 2005 | Sony CD Architect 5.2                  |
| (8)  | March 14, 2005 | "Hostage"                              |
| (9)  | March 13, 2005 | "The Phantom of the Opera"             |
| (10) | April 10, 2005 | "Sin City"                             |
| (11) | April 16, 2005 | "Million Dollar Baby"                  |

All in violation of Title 17, United States Code, Section 506(a)(2), and Title 18, United States Code, Sections 2319(c)(1) and 2.

## FORFEITURE ALLEGATIONS

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

1.     The Grand Jury realleges and incorporates here by reference the allegations of Counts One through Fifteen of this indictment for the purpose of alleging that certain property is subject to forfeiture pursuant to the provisions of Title 17, United States Code, Section 506(b), and Title 28, United States Code, Section 2461(c).

2.     As a result of their violations of Title 17, United States Code, Section 506(a)(2), and Title 18, United States Code, Section 2319(c)(1), as alleged in Counts One through Fifteen of this indictment,

SEAN PATRICK O'TOOLE,
also known as "chucky,
VAHID PAZIRANDEH,
also known as "vman,"
LINDA WALDRON,
also known as "bajantara,"
PAUL YAU,
also known as "ann,"
SANDY FURY,
also known as "asylum,"
MARC BARTEL,
also known as "biosprint,"
TU NGUYEN,
also known as "dray,"
RICHARD BALTER,
also known as "ducky,"
DANNY LEE,
also known as "messy,"
PETER ANDREW HOLLAND,
also known as "thebinary,"
JASON DOBYNS,
also known as "supafly"

40

DAVID LEWIS,
also known as "keymaster"
MATTHEW CITTELL,
also known as "keymaster"
MATTHEW PLOESSEL,
also known as "kkits" and "stikk,"
JOSEPH TOLAND,
also known as "anim8,"
FRED AMAYA,
also known as "audiovox,"
LANCE WARNER,
also known as "transform,"
GREGG PIECYHNA,
JEREMIAH STEVENS,
also known as "^mort^,

defendants herein, shall forfeit to the United States of America, pursuant to Title 17, United States Code, Section 506(b) and Title 28, United States Code, Section 2461(c), any infringing copies of any copyrighted works and all implements, devices, or equipment used in the manufacture of such infringing copies.

3.     The interests of the defendants subject to forfeiture to the United States pursuant to Title 17, United States Code, Section 506(b) and Title 28, United States Code, Section 2461(c), include, but are not limited to any seized personal computers, including hard disks; seized peripheral connecting cables and equipment; and seized computer disks, including zip, compact, and floppy disks. The specific items subject to forfeiture include, but are not limited to, the following:

1. One CPU, Brand Name ASUS, with Power Cord
2. Linksys Wireless-g 2.4 GHz S/N CDF70E124768 and Power Supply
3. Power Mac G4 S/N XB2510XNMXD
4. Black Full Tower Computer
5. Generic mid Tower Computer Serial No. 042626235

41

6. Dell Poweredge Rack Server 650 S/N 4YKQ341
7. Palm Tungsten PDA with Serial 00V2A5A31AYN
8. Palm One 64 MB Memory Expansion Card HB28D064MMZ. JPN A303EL85912
9. San Disk Cruzer Mini 128 MB Memory Card Part 20-90-00107-128 Model SDCZ2-128
10. Dell Inspirion Notebook Computer
11. External Western Digital Hard Drive; Serial No: WMACK1140736
12. Silver Desktop PC w/clear side S/N 031312931
13. Black Rack Server w/hinged door S/N FBUCKS2
14. Dell Poweredge 2650 Rack Server S/N 891QF51
15. Virgin Mobile Phone Card Used in Dish Network Box
16. Canon Powershot S110 Elph Digital Camera, SN 15F215351, and Case
17. Sony Ericsson F500i Mobile Phone, SN CB500WD2W5
18. Palm Tungsten T3 PDA, SN 00V5A3F414NE and Cradle
19. Zip Disk; Lexar Media 80 MB Compact Flash Card
20. Home built Computer, Black Nikao Case
21. Fujifilm DG4-150m DDS Data Cartridge
22. 2 Hard Drives- IBM Model DDRS-34560 E182115 SN RD139946
23. Lucent Quantum Atlas V TFZXX, SN 143027553781
24. Northwest Airlines/KLM World Perks Card Used in Dish Network Box
25. HP Netserver E60, SN Illegible
26. Home built Computer Tower/Server, Light Grey Case
27. Home built Computer, Enermax Aluminum Case
28. Computer with Power Supply Model #SPI-235HA/W1Z867983
29. Dell Power Edge 1400 SC Computer, Serial #CR9FK01
30. Computer with Power Supply Model #PW-330ATXE-12V/3892A280
31. Computer with LS Computer Corp Label
32. Computer with SN L6JPCD4120 (FCC ID)
33. Computer with Power Supply, Serial #T00021036
34. IDE Hard Drive S/N: WM609
35. IDE Hard Drive S/N: WM627
36. IDE Hard Drive S/N: N804RF1C
37. IDE Hard Drive S/N: GWF62470
38. IDE Hard Drive S/N: 3CT04QGV
39. IDE Hard Drive S/N: 5EG1HDPE
40. IDE Hard Drive S/N: WM676
41. IDE Hard Drive S/N: 5FG068YM
42. IDE Hard Drive S/N: F26A1839 (B2S)
43. IDE Hard Drive S/N: 9B5001-031 (Model ST9420AG)
44. IDE Hard Drive Model Hd 227-u2 (ATA40608642)
45. Hard Drive, Serial #95200199, with 3.5" Drive
46. Cable Modem, Toshiba PCX 1000, Serial #301456532-71, Mac #00-00-83-33-6A-67
47. HP Compaq Laptop Computer, Model NC4000, S/N CNU414DSXH
48. External DVD-ROM/CD-RW Drive with Power Cable and USB Cable
49. Fujitsu 40gb Laptop Hard Drive, Model MHT2040AH, S/N NP0QT432A67E from HP Compaq Laptop Computer
50. Fujitsu 40gb Laptop Hard Drive, Model MHT2040A H, S/N NP0QT432A67E from HP Compaq Laptop Computer Model NC4000, S/N CNU414DSXH

51. Seagate Hard Drive S/N 1CC12156
52. IO Gear 120 GB USB Hard Drive, SN: 7279250268
53. Homemade CPU(No Serial#)
54. Xbox & Cords Serial# 544413622605570514802
55. Apple Ipod
56. HP Laptop Serial# (S) CN30207252
57. Toshiba Cable Modem Model PCX 2200 SN 3209818207
58.  PDA "Sharp" SN 27031572
59. Wireless Remote "Linksys" 2.4 GHz SN G3120318089
60. 8 Port Workgroup Switch "Linksys" MN EZXS88W,2 Adaptors
61. Cell Phone "Sanyo" Sprint MN PM-8200 ESN 04504824300 w/battery and Charger
62. Cell Phone "Samsung" T-Mobile SN R4TX986501Z w/battery
63. Pager "Motorola" AR# AC111804017
64. Security ID "RSA Securid" 805827 on Screen SN 23539366 12/31/2009
65. Seagate Barracuda Hard Drive, ATA SN 7BY04X7P
66. Maxtor Hard Drive, MD 5T060H6 SN T6H1T7KC
67. IBM Deskstar Hard Drive, SN YHF28680
68. Western Digital Hard Drive, WD2500 SN WMAEH2666414
69. Western Digital Hard Drive, WD800  SN WCAM94128762
70. Maxtor Diamondmax Plus Hard Drive, 9 SN Y647RB03
71. Hitachi Travelstar SN on Envelope L4HGWMV8
72. External Hard Drive "Combo" Silver Box Plastic Ends
73. Maxtor Hard Drive, MN 96147U8 SN N809KF9C
74. IBM Deskstar Hard Drive, SN TXGC0989 "Bad"
75. Maxtor Hard Drive, MN 98196H8 SN V8054AVC
76. Samsung WNR-32100A SN J39G721865 OR0024S1CG741868
77. Flat Screen Monitor "Dell" SN CN0C0646466334C01H3L
78. Flat Screen Monitor "Dell" SN CN0C06464663348L3RKL
79. Flat Screen Monitor "Sony" Silver SN 4006858
80. CPU White Tower No Brand Name, No Serial Number Drives CD-RW/3.5
81. Server Blk No Brand Name or Serial Number Drives CD/3.5
82. CPU White Tower "Antec Outside" No Serial Number Drives 3.5
83. CPU Black Tower "Lianli" No Serial Number "PC-7B"  Drives DVD-R/3.5/3 Drive Bays
    w/Digital Temp Controls
84. CPU Black Tower "Lianli" No Serial Number "PC-61" Labeled "Computer 1"  Drives DVD-
    R/3.5
85. CPU White Tower "Compaq Presario 4710" SN 6637HXJ2D378 DRIVES CD-R/3.5
86. CPU"Gateway 2000" LP Mini Tower SN 0007992691 Drives CD-R/3.5
87. "Super Server" Black Model 5013C-M  SN 5013CM14B01210 Drive 3.5/CD-R
88. Laptop "Sony Notebook" Model PGG-431l SN 283241303200652
89. Laptop "Dell Inspirion Pp01x"  SN 31YZC11 with Mouse and Power Adaptor
90. Laptop "Apple Powerbook G4" Silver 17" Screen, No Serial Number Power Cords with
    Keyboard SN KY346117RPA3D
91. Laptop "Toshiba" Model PA1232UXCD SN 027503513 Drives CD-R with Power Cords CD
    Burner-TDK Brand
92. Toshiba - Satellite Laptop Computer Serial # 6125817PV and Power Supply Black Mid-tower
    (Alien) No Serial #

43

93. Western Digital Hard Drive  P/N: 99-004085-002
94. Maxtor Hard Drive Serial # A2018XES
95. IBM Hard Drive Serial # E182115
96. Sony Back up Tape. labeled "Danny Backup"
97. External Tape Drive, Model #DP30, S/N E119CZ40208, w/power Cord- on Stream Brand
98. Compaq Presario Laptop S/N ZV07D282MMXX
99. Parallel Card # BS07292C7U, w/cable
100. Hewlett Packard-Compaq NC 4000 Laptop S/N CNU41405XH
101. Desk Top Computer Identified as "PC Tag Created by MCI"
102. Dell Computer- Poweredge 400(61T0441)
103. Desk Top Computer Identified as "PC Tag Created by MSI"
104. EVO Mini Compaq, Serial #6X1A-JYHZ-G010
105. Hewlett Packard Laptop, Serial #CND5140760
106. HP Compaq Computer (Model: D530c, Product Number:  DG767A#ABA, HP Serial Number: 2UA3340CPH)
107. HP Compaq Computer (Model: D530c, Product Number:  DG767A#ABA, HP Serial Number: 2UA3340CRN
108. Hard Drive Western Digital WD1200 P/N WD 1200JB-00DUA3 S/N WMACM1336753
109. Genisys Computer Tower from Office
110. Silver Computer Tower Lian Li
111. Dell Laptop Service Code 24065837461 and Power Cord
112. Toshiba Laptop Serial #5122507PU in Computer Desk
113. Server/ No S/N on Computer
114. Personal Computer/ HP Compaq/ S/N MXL50602C
115. Personal Computer/ Compaq/ S/N 6104FRZB245
116. Personal Computer/ S/N 6849CCKPA729, M 539
117. Laptop Computer/ Toshiba/ S/N 23043915P
118. Laptop Computer/ Toshiba/ S/N 24042052PU
119. Laptop Computer/ Toshiba/ S/N 41214691PU
120. Hard Drive (HP Sure Store Disk 2000LP)
121. Hard Drive (Speedzter 3 Firewire USB 2.0 Hard Disk)
122. Four Maxtor Diamond Max Plus Hard Drives
123. Ion USB 2.0 External HDD
124. Two Xbox Machines
125. Hard Drive S/N 51131858TToshiba
126. CD Generic CPU, White in Color, No Serial or Model Number
127. Cobalt Server RAQ3 Serial #4C03BM0036985
128. VA Linux Server Serial #5X0918003090
129. White Computer Tower with ASUS Label
130. Grey Computer Mid-tower
131. Grey Computer Tower with Antec Label
132. Hard Drive Encloser, Serial #05030010
133. Black DVD Tower
134. Hard Drive, Serial #WT302 045 3834, Western Digital
135. Hard Drive, Serial #WT334 010 0221, Western Digital
136. Hard Drive, Serial #WT268 025 5818, Western Digital
137. Hard Drive, Serial #WT289 110 5456, Western Digital



138. Hard Drive, Serial #WT289 110 7252, Western Digital
139. Hard Drive, Serial #WM609 189 0476, Western Digital
140. Hard Drive, Serial #WMAEl 154 4112, Western Digital
141. Hard Drive, Serial #WM653 092 0830, Western Digital
142. Generic CPU, Blue in Color, Thermaltake Xaser III Black Shuttle X Computer
143. Dell Precision 330 Computer S/N BVQCR01
144. Lacie External Hard Drive
145. Maxtor Hard Drive - Model #98196H8, S/N -V80C9RYC
146. Maxtor Hard Drive  S/N Y609CBYE
147. Maxtor Hard Drive - Model 98196H8 S/N V80FET0C
148. Cisco Pix 501 Firewall S/N CNS6RVPAAA
149. Linksys Broadband Router S/N CH500DB19371
150. Toshiba Cable Modem S/N DAZ8801F
151. Toshiba 2.1 GB Hard Drive
152. Tecra 700 Series 3 GB Hard Drive
153. Toshiba 10 GB Hard Drive
154. Seagate Hard Drive S/N LA416534
155. Seagate Hard Drive S/N La220758
156. IBM 4090 MB Hard Drive
157. Palm V PDA with Accessories
158. Tivo Series (2) DVR - S/N 540-0001-7053-C61a Model Number TCD540140
159. Xbox S/N 405146132105
160. Dell Computer XPS - S/N HC6ZZ441
161. Dell Computer S/N UH3L8
162. Dell Computer S/N OQCCE
163. Sun Microsystems Ultra Computer S/N PR90457118
164. Cisco 7200 Router S/N 72611228
165. Cisco 2500 Router S/N 250903897
166. Dell Optiplex G1 Computer S/N 4V91E
167. Cisco PIX Firewall S/N 18000673
168. Sun Storage D1000 Hd Enclosure
169. Dell Poweredge 2450 S/N HI4FD
170. Dell Poweredge Scalable Disk System 100 S/N U6WG8
171. Dell Poweredge 6650 S/N CT21H31
172. APC Power Supply Smart - UPS 2200 S/N PH03T348187472A50056

All pursuant to Title 17, United States Code, Section 506(b), and Title 28, United

States Code, Section 2461(c).

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY

45