UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>      Plaintiff,  )<br>  )<br>      v.  )<br>  )<br>LANCE WARNER,  .  )<br>      Defendant,  ) | 06 CR 0075<br><br>Hon. Amy J. St. Eve |

DEFENDANT LANCE WARNER'S AMENDED SENTENCING
POSITION AND OBJECTIONS TO PRESENTENCE REPORT

NOW COMES the Defendant, LANCE WARNER, by and through his attorney, THE LAW OFFICES OF TIM BIASIELLO, presenting the Defendant's Sentencing Memorandum pursuant to Rule 32 of the Federal Rules of Criminal Procedure, the Sixth Amendment to the Constitution of the United States, and respectfully sets forth his request that this Court determine that there exist sufficient underlying facts and legal authority to sustain his objections to certain of the elements of the Presentence Investigative Report

Further, the Defendant suggests that, consistent with the United States Supreme Court decisions in *United States of America v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005), and *Gall v. United States,* 2 128 S. Ct. 586 (2007), a consideration of the factors delineated in 18 U.S.C. Section 3553(a) indicate that a sentence below the advisory guidelines is reasonable and appropriate.

**MEMORANDUM OF POINTS AND AUTHORITIES**

A.      **Relevant Facts.**

Lance Warner is a 30 year old man, who has lived his entire life in the State of California. He married his wife, Kristi Warner, in 2005 in Laguna Beach, California. Mr. Warner lives with his wife and two children, Wyatt Warner, age 2 years, and Anabelle Warner, age 10 months, in their own home in Portola Hills, California.

Since 1999, Lance Warner has been continuously employed at the First American Title Company in Santa Ana, California as a network security engineer. He has worked in the technical field continuously his entire adult life.

Lance Warner has no criminal history and no prior involvement in any criminal proceedings. He has successfully complied with all restrictions and conditions of release since his arrest in this cause.

B.      **Objections.**

    1.    Count I. Specific Offense Characteristic.

Pursuant to the terms of the Defendant's plea agreement, he has reserved the right to disagree with the assessment of 18 points. It is the Defendant's position that Guideline Sections 2B5.3(b)(1) and 2B1.1(b)(1)(J) should not be applied at all in the computation of the Defendant's offense level because of his limited and marginal role in the overall scheme. However, to the extent that these Guideline Sections, apply, the increase should be calculated in accordance with his individual activity.

Lance Warner's role was in the nature of an end user. He had contact with only one alleged member of the RISCISO group. Access to the RISCISO server was provided to Mr. Warner by Valid Pazirandeh, also known as "v-man." This occurred after Lance Warner had personally met Vahid Pazirandeh in the empirical real world when Pazirandeh interviewed for employment with the same company at which Lance Warner was already employed. Mr. Warner had an assigned role with the company in the hiring process, and in that capacity, he encountered Mr. Pazirandeh after he had sought employment. Pursuant to Mr. Pazirandeh's stated intention of becoming more familiar with nature and scope of the prospective company's activities, Mr. Pazirandeh requested that Mr. Warner "upload" a company manual to him for his review. A "PDF" version of the company manual was the only item ever uploaded by Mr. Warner.

Subsequent to his having been provided access to the RISCISO site, Lance Warner downloaded several programs and movies. The items Mr. Warner downloaded were for his own person use only. At no time did he further download, or otherwise distribute, any of those items for personal remuneration, or other benefit.

Lance Warner never participated in any Internet Relay Chat activities, nor did he communicate with any of the indicted RISCISO individuals in any IRC text messaging, nor through any other medium. Mr. Warner was not privy to the agenda sessions referred to in the Government's version of the offense, nor did he participate in any efforts to further the apparent goals of the RISCISO group.

Mr. Warner had no role whatsoever in causing any of the array of copyrighted items to be present on the site, and available for download. In this regard, Mr. Warner was never involved in the

creation, or maintenance, of the RISCISO warez site. Mr. Warner never acted in the roles of "supplier", "cracker", "packager", or "courier" as described by the government in its version of the offense. At no time did Mr. Warner provide, or even offer to assist in providing, additional hard drive 'storage' capability to RISCISO.

While the RISCISO conspiracy apparently commenced in 1998 and continued through June 29, 2005, the bulk of Lance Warner's minimal involvement occurred in October 2004, with an additional download in February, 2005. Lance had ceased any involvement long before the return of the Indictment on January 31, 2006.

While the Defendant suggests that these Guideline Sections should not be applied to his sentencing calculation, he respectfully suggests, that in the event that this Honorable Court determine that these Sections are applicable, the calculation should be determined on the basis of the value of infringed items uniquely attributable to him.

In that regard, Lance Warner contends that the amount should be determined to be $7,074.00. This is the actual retail value of various software titles and movies the Government has actually found the Defendant to have downloaded. In accordance with Guideline Sections B1.1(b)(1)(B) and B1.1(b)(1)(C), this amount calls for an increase in the offense level by 2 points.

2.      While the Pre Sentence Report calls for a two level enhancement for the uploading of an infringed item pursuant to §2B5.3(b)(3), the Defendant's Plea Agreement acknowledges such enhancement pursuant to §2B5.3(b)(2).

3.      Pursuant to his Plea Agreement, Lance Warner has reserved the right to object to the application of the provisions of §3B1.3, and Application Note 4 of §2B5.3. The items which the

Defendant downloaded had already been "supplied", "cracked" and "packaged" at the time of his initial access to them.

The Defendant respectfully asserts that it is his downloading of items which had been "supplied", "cracked" and "packaged" which is the act which places him within the ambit of the conspiracy charged in Count I. An enhancement for these acts is essentially a duplicitous assessment of points for the very activity which made him a member of the conspiracy in the inception.

**C. Defendant's Proposed Guideline Calculation.**

| | |
|---|---|
| Base offense level §2B5.3(a) | 8 |
| Increase §§2B5.3(b)(1) and 2B1.1(b)(1)(J) amount of loss; (If applicable) | 2 |
| Uploading §2B5.3(b)(2) | 2 |
| Minor Participant §3b1.2 | - 2 |
| Acceptance of Responsibility §3E1.1 | <u>- 2</u> |
| OFFENSE LEVEL: | 8 |

**D. An Application of 18 U.S.C. §3553 Factors Suggest a Sentence Well Below the Guideline Range.**

The Defendant respectfully asserts that a consideration of the factors delineated in 18 U.S.C. §3553 reveals that it is both appropriate and reasonable for this Honorable Court to depart from the applicable guideline range, and impose a sentence well below the suggested Guidelines range.

**1. Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

Apart from Lance Warner's involvement in having accessed and downloaded several movies and software programs from the RISCICO sites, and his having uploaded a PDF copy of his company employee manual, Lance Warner's life has been exemplary. He is a stable, responsible and hardworking husband and father, with a solid and consistent work history. His demonstrated self discipline and determination has allowed him to overcome the obstacle of his minimal formal education.

While Lance has certainly acknowledged his wrongful conduct in having download protected intellectual property, as indicated above, the underlying facts reveal that his over-all involvement was minimal, extending over only a limited portion of underlying conspiratorial duration. The facts and circumstances further indicate that Lance Warner was never a functioning 'operative' of the RISCISO group.

Lance Warner suggests that, consistent with the reasoning in *Gall v. United States,* wl 4292116 (2007), this Honorable Court is free to attribute great significance to his having withdrawn from any activities long before the return of the Indictment in this case. His withdrawal was not the consequence of his having been alerted to any criminal investigation, or the consequence of his desire to please governmental authorities, but rather a manifestation of his having personally chosen to avoid illegal activities.

**2. Reflection of the Seriousness of the Offense, the Promotion of Respect for the Law, and the Need to Provide Just Punishment for the Offense.**

Lance Warner contends that an application of §3553(a)(6) suggests that his minimal involvement in the underlying offense, both in terms of duration as well as the nature of his activities, and the relative minimal retail value of his downloads, i.e. $7,074.00, should compel a sentence well below the guideline level in order to avoid unwarranted sentence disparities

In this regard, Lance Warner humbly asks that his court consider the totality of his conduct as it relates to the factors of seriousness of the offense, respect for the law, and just punishment.

As the Supreme Court held in *Gall,* the district court was well within his discretion to consider the contributions a defendant may be in a position to make to society in determining the need for a lengthy prison sentence. This is especially true where a defendant has demonstrated his 'own desire to lead a better life' for his own sake, and not simply in an attempt to 'please the Court, or any other governmental agency.'

**3. Deterrrence.**

The Defendant respectfully suggests that fact of the prosecution of this offense against an otherwise law abiding citizen, with its imposition of the serious sanction of felony conviction carries a substantial deterrent effect, in itself, upon members of the general public. The dissemination of the actual imposition of felony convictions upon wrongdoers such as Lance Warner, is, in itself, is a strong warning to would-be violators that conduct of this nature is a serious wrong, which carries serious consequences, and not some innocent, victimless act.

**4. The need to Protect the Public from Further Crimes of the Defendant.**

As the record reveals, the Defendant's conduct for which he need be sentenced is aberrational. Apart from his role in this offense, Lance Warner's conduct has been exemplary. He suggests that his conduct prior to his involvement in the criminal activity, and his conduct subsequent to his withdrawal clearly demonstrates just who he is. His dedication to hard work and family life is a reflection of his true character. He respectfully asserts that the totality of his life strongly suggests that the is not likely to engage in future criminal conduct.

**E. Conclusion.**

**1. Guidelines Calculation.**

The Defendant respectfully asserts that this Honorable Court should sustain the Defendant's objection to the 18 point enhancement pursuant to Guideline Sections 2B5.3(b)(1) and 2B1.1(b)(1)(J), and the 2 point assessment pursuant to §3B1.3, and Application Note 4 of §2B5.3.

In such case, the Defendant's Guidelines offense level would be 6 with a criminal history category of I.

To the extent that the Court deems it necessary and appropriate to impose an enhancement pursuant to §§ 2B5.3(b)(1) and 2B1.1(b)(1)(J), the Defendant respectfully requests that the Court determine the volume amount for such enhancement to be consistent with the value of the downloads specifically attributable to Lance Warner. In such case, the amount of $7,074.00 would result in an enhancement of 2 points. This would result in a Guidelines offense level of 8, with a criminal history of I.

2. **§3553 Factors.**

In accordance with *United States of America v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005), and *Gall v. United States,* 2 128 S. Ct. 586 (2007), a District Court is granted discretion to depart from the "advisory" Guidelines should it find adequate justification to do so. *See also United States v. Myktiuk,* 415 F.3d 606 (7th Cir. 2005); *United States v. Mancari*, 463 F.3d 590 (7th Cir. 2006).

The Defendant respectfully suggests that a strict application of the sentencing factors delineated by 18 U.S.C. §3553 would indicate that the Defendant should be sentenced to a period of Probation. A sentence of this nature is appropriate based upon Lance Warner's minimal role in the offense, the limited duration of his participation, his absence of criminal history, the need to avoid sentence disparities with similar defendants with similar records who have been found guilty of similar conduct; the likelihood of his compliance with the terms of any such sentence, and the likelihood of a relative determination of such sentence of probation through the strict application of the Sentencing Guidelines.

For all of the above reasons, the Defendant, Lance Warner, respectfully prays for the imposition of a sentence of Probation.

                                                       Respectfully submitted,

                                                       /S/  Tim Biasiello

                                                       Attorney for Defendant

LAW OFFICES OF TIM BIASIELLO
Attorney for Lance Warner
617 West Devon Avenue
Park Ridge, IL 60068
(847) 318-9192

Certificate of Service

The undersigned, an attorney, certifies that he caused a true and correct copy of the attached DEFENDANT'S AMENDED OBJECTIONS AND SENTENCING POSITION to be served upon the government by electronically serving it through the CM/ECF system on April 20, 2008.

/S/  *Tim Biasiello*

Attorney for Defendant